Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SIMON J. BURCHETT PHOTOGRAPHY, INC.,     Case No.: 20-cv-3449

                              Plaintiff,        **ECF CASE**

              v.                                  **COMPLAINT AND JURY DEMAND
                                                                    FOR DAMAGES FOR COPYRIGHT**
BOLT INNOVATION GROUP LLC,            **INFRINGEMENT**

                              Defendant.
-----------------------------------------------------------------x

        Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC., by and through the undersigned counsel, brings this Complaint and Jury Demand against defendant BOLT INNOVATION GROUP LLC, for damages based on copyright infringement and contributory infringement, and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

        1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2.      CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

3.      At bar, defendant headquarters is located in Boston, Ma.

4.      Defendant infringed, directly and indirectly, plaintiff's copyrighted image of the vessel the "Estelle Maersk", U.S. Copyright Registration No. VA 2-019-846 (the "Copyrighted Image").  This is a tort committed outside the state.

5.      Defendant expected, or should reasonably have expected, its acts to have consequences in this state.

6.      The copyrighted image at issue here was used by defendant to promotes its services, and overall company.

7.      Defendant was served with a notice to cease and desist but refused.  It was, and is, aware that its tortious acts have had consequences in this state.  Further, defendant derives substantially all of its revenue from interstate or international commerce.

8.      Jurisdiction is conferred over defendants pursuant to CPLR §§ 301, and CPLR §§ 302(3)(i) and (ii).

## VENUE

9. A plaintiff may bring a case in: "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ;or (3) if there is no district in which an action may otherwise be brought . . . a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."28 U.S.C. § 1391(b)(1)-(3).

10. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## DUE PROCESS

11. There are no due process concerns in light of the fact that defendant committed an intentional tort that it knew had an effect in this Judicial District.

12. Defendant frequently contracts with companies in this Judicial District such that it reasonably knows it may be haled into this forum.

## PARTIES

13. Plaintiff SIMON J. BURCHETT PHOTOGRAPHY, INC. is a New York corporation with a headquarters located in Manhattan, New York.

14. Upon information and belief, defendant Bolt Innovation Group LLC ("BOLT") is a domestic corporation with an address located at 110 Chauncy St., Boston, MA 02111.

## FACTS

15. Plaintiff is the beneficial owner, by assignment, of the copyrighted image at issue here which is an aerial image of the container ship the Estelle Maersk titled "_L4A0298" - U.S. Copyright Registrations No. VA 2-019-846. See **Exhibits 1.**

3

16. A true and correct copy of the Copyrighted Image appears below.



17. Plaintiff is owned solely by Simon Burchett, a world-renowned photographer who has been honored with many awards and accolades.

18. Mr. Burchett is accredited as a master photographer by the Master Photographers Association (the "MPA") in England. To become accredited, a photographer must: (i) have professional liability insurance, (ii) show a substantial history of professional work, (iii) provide a detailed client list, (iv) produce a curriculum vitea, and (iv) pass an interview.

19. In July 2019, Mr. Burchett won the very prestigious Gold Medal at the MPA's professional photographers' competition. This is a national competition conducted by the MPA which is open to all professional photographers. There are in excess of 1,000 images submitted to each competition.

20. The Copyrighted Image here received a Silver Medal at the Master Photographers Association competition in 2018.

**The Business of Defendant**

21. Defendant BOLT is a venture capitalist group focusing on startups.

22. Defendant directly posted the Copyrighted Image to a blog post located at <https://www.venturefizz.com/stories/boston/hardware-numbers-part-3-logistics-marketing>. See below.



23. Defendant BOLT presented a slideshow containing the Copyright Image at the Autodesk Forge DevCon 2016 conference. The slideshow was included in the Forge DevCon 2016 website. See Below.



5

24. Defendant's Managing Partner Ben Einstein gave presentations in New York and at the Hardware Pioneers Conference. See below.



25. Defendant BOLT made numerous presentations throughout the United States including California, Austin, and New York.

26. Plaintiff discovered defendant's infringing acts in April 2020. There is no way for plaintiff to have discovered defendant's use at the various presentations, or in videos.

27. Defendant, however, did copy, distribute, and publicly display plaintiff's Copyrighted Image with no license or authority.

28. Defendant knew or should have known that its presentation would be posted on numerous other websites. After all, it gave the presentation to the third-parties for posting.

29. Defendant benefited by every republication because the Copyrighted Image.

30. Defendant did not include plaintiff's name, the title of the Copyrighted Image, its author, or information about the terms and conditions of use of the Copyrighted Image. This made it nearly impossible to locate.

31. On or about April 9, 2020, plaintiff served notice on defendant to cease and desist. **Exhibit 2**.

32. Defendant elected to continue to infringe.

33. Defendant's uses of the Copyrighted Image was, and is, purely commercial.

34. Defendant's blatant failure to license the Copyrighted Image prior to its commercial use entitles plaintiff to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

35. Defendant's failure to cease and desist after notice from plaintiff's counsel is a separate reason why plaintiff is entitled to enhanced damages pursuant to 17 U.S.C. 504(c)(2).

36. Defendant has infringed plaintiff's right to copy, distribute, and publicly display the Copyrighted Image pursuant to 17 U.S.C. § 106. Plaintiff is entitled to its actual damages, as well as defendant's profit in excess of plaintiff's actual damages.

37. Defendant's failure to include any copyright management information is a violation of 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

## ACTUAL DAMAGES

38. Plaintiff has suffered significant injuries due to defendant's acts. Plaintiff is entitled to its licensing fee of $3,000 per year from defendant for the three years prior to this Complaint for defendant and each third-party infringer.

39. Plaintiff is also entitled to its lost costs in obtaining the Copyrighted Image which are substantial.

40. The Copyrighted Image was taken during the container ship the Estelle Maersk's maiden voyage from Algeciras, Spain on November 27, 2006.

41. The Estelle Maersk was the largest container ship in the world in 2006 when it made its maiden voyage.

42. Plaintiff took the Copyrighted Image during a four-hour plane ride, repeatedly circling the vessel to make sure every angle was captured.

43. It took four hours of flight time to take the Copyrighted Image, at a cost of just under $12,000. Travel, and other expenses was an additional $4,200. That's $16,200 in hard costs alone.

44. Defendant's profit in excess of plaintiff's actual damages is significant. Subject to proof, plaintiff seeks all sales of defendant's anti-heeling pumping system product for the three years prior to the filing of this Complaint.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

45. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

46. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Image.

47. Defendant without license or authority from plaintiff, reproduced, publicly displayed, and/or distributed plaintiff's Copyrighted Image.

48. Defendant copied and publicly displayed the Copyrighted Image solely for the purpose of commercial gain.

49. Defendant refused to cease and desist after a demand from plaintiff's counsel.

50. Should plaintiff elect an award of statutory damages, only an award at the top of the statutory scale will serve as a deterrent to defendant.

51. At all times relevant to this Complaint, defendant's uses of the Copyrighted Image were not used for criticism, comment, news reporting, teaching, scholarship, or research.

52. At all times relevant to this Complaint, defendant's uses were not transformative.

53. Defendant elected to reproduce, distribute, and/or publicly display plaintiff's Copyrighted Image, using the entirety of the image, without a license.

54. As a direct and proximate result of defendant's infringement of plaintiff's exclusive rights to the Copyrighted Image as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of plaintiff's actual damages, and defendant's profits in excess of plaintiff's actual damages. Plaintiff may also elect to recover a statutory damage award. Defendant's acts were in reckless disregard of plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

55. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

56. Defendant was well-aware of the fact that it did not have a license for each use.

57. Defendant was certainly aware after being served with notice from plaintiff's counsel.

58. Defendant provided the apparatus for third-parties to email, print, and share each Article on social media and authorized their use.

59. Defendant is liable for contributory infringement for each third-party infringement, directly and indirectly.

60. As a direct and proximate result of defendant's contributory infringement, plaintiff has incurred damages, and requests an award of plaintiff's actual damages including all lost license fees, and defendant's profits in excess of plaintiff's actual damages. Plaintiff may also elect to recover a statutory damage award. Defendant's acts were in reckless disregard of

plaintiff's rights, and plaintiff is entitled to enhanced damages of up to $150,000 pursuant to 17 U.S.C. § 504(c)(2).

## THIRD CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. §§ 1201-05.

61. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

62. Section 1202 provides in part: (b) [n]o person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title. 17 U.S.C. § 1202(b).

63. The DMCA states: "[d]efinition.—As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) . . . the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) . . . the name of, and other identifying information about, a writer, performer, or director who is credited

in the audiovisual work. (6) Terms and conditions for use of the work. (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work." 17 U.S.C. § 1202(c); S.Rep. No. 105-190 (1988), note 18.

64. Plaintiff always distributes its copyrighted images, including the Copyrighted Image here, with embedded copyright management information which includes the title of the image, author, label, and copyright owner.

65. Defendant removed plaintiff's copyright management information ("CMI"), and copied, publicly displayed, and/or distributed the Copyrighted Image without this CMI.

66. Defendant has continued, for months, after the first notice to display the Copyrighted Image with no CMI. In fact, as of the date of this Complaint, the Copyrighted Image is active on both pages of defendant's website.

67. Defendant did the forgoing with the intent to conceal the infringement.

68. Plaintiff seeks award of statutory damages for each violation of Section 1202 of the DMCA in the sum of $25,000.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendant's unlawful proceeds in excess of plaintiff's compensatory damages;
2. compensatory damages in an amount to be ascertained at trial;
3. a statutory damage award, including all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));
4. an award of up to $25,000 in statutory damages for each violation by defendant

11

      of the DMCA, 17 U.S.C. § 1202;

5. the reasonable attorneys' fees and costs incurred by plaintiff in this action (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 4, 2020                   **GARBARINI FITZGERALD P.C.**
New York, New York

                                  By: *Richard M. Garbarini*
                                       Richard M. Garbarini (RG 5496)